Breitel, J. (dissenting).
I would reverse the conviction and grant a new trial. Defendant was convicted of criminally receiving stolen property (an automobile), largely on the basis of his statement to the arresting officer that he had borrowed the automobile from an unknown woman, less than three hours after the car had been .reported stolen. Concededly, the District Attorney never gave defendant notice prior to trial that he intended to use the statement, which was admitted over defendant’s objection. Consequently, the statement should have been excluded in view of the statutory directive that “ the people must ” give the defendant-written notice prior to the trial of their intention to offer “ a confession or admission ” into evidence (Code Crim. Pro., § 813-f; see People v. Lee, 27 A D 2d 700).
The District Attorney argues that the statute does not apply because defendant originally intended his statement to be exculpatory. The answer is that the statement was, in fact, inculpatory; indeed, it was the keystone of the case against defendant. And, it is quite immaterial that defendant did not challenge its voluntariness once it had been accepted into evidence; the purpose of the statute is to afford a defendant fair notice that an incriminating statement will be offered, thereby giving him an opportunity, prior to the trial, to investigate the situation and plan his defense accordingly.
*265 Accordingly, I dissent and vote to reverse the conviction and to order a new trial.
Chief Judge Fuld and Judges Van Voorhis, Burke, Bergan and Keating concur with Judge Scileppi; Judge Breitel dissents and votes to reverse and order a new trial in a separate opinion.
Judgment affirmed.